IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER GARCIA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUPT. ROBERT D. GILMORE, et al. | : | NO. 14-6416 |

**REPORT AND RECOMMENDATION**

THOMAS J. RUETER                                                                December 10, 2014
United States Magistrate Judge

      Presently before the court is a pro se petition for a writ of habeas corpus filed in this District pursuant to 28 U.S.C. § 2254 on November 7, 2014 (Doc. 1), and referred to the undersigned for a Report and Recommendation on December 3, 2014.  (Doc. 3.)  Petitioner presently resides at the State Correctional Institution-Greene located in Waynesburg, Pennsylvania.  (Pet. ¶ 1.)  Petitioner challenges his convictions in the Court of Common Pleas for Luzerne County (No. CP-40-CR-317-2008).  Id.  The court respectfully recommends that the petition be transferred to the United States District Court for the Middle District of Pennsylvania because that is the place where petitioner was convicted, records relating to his conviction are stored, potential witnesses are located, and the prosecuting authority is located.  Under 28 U.S.C. § 2241(d), petitioner may bring his application for a writ of habeas corpus "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application."  This statute gives the district court wherein an application is filed the discretion to transfer the application to the other district court for hearing and determination.  Id.

In the instant situation, nothing relating to petitioner's conviction, sentence, or incarceration occurred in the Eastern District of Pennsylvania. At the time petitioner filed the habeas petition, petitioner was incarcerated in the State Correctional Institution-Greene located in Waynesburg, Pennsylvania. See Doc. 1. Waynesburg, Pennsylvania is located in Greene County, which lies within the venue of the Western District of Pennsylvania. See 28 U.S.C. § 118. The place of conviction, Luzerne County, is in the Middle District of Pennsylvania. Id. Thus, pursuant to 28 U.S.C. § 2241(d), venue is improper in the Eastern District, and petitioner should have filed his habeas petition in the Middle District of Pennsylvania, where he was convicted and sentenced.

Transfer of this matter to the Middle District of Pennsylvania would be in furtherance of justice and the convenience of the parties and witnesses. See 28 U.S.C. § 2241(d) ("The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination."). See also 28 U.S.C. § 1404(a) ("[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought"); In re Nwanze, 242 F.3d 521, 526 n. 2 (3d Cir. 2001) (noting that § 1404(a) applies to transfers of habeas corpus petitions). As noted earlier, petitioner was tried and convicted in Luzerne County, Pennsylvania, which is located in the Middle District of Pennsylvania. Petitioner is challenging the lawfulness of his underlying conviction, i.e., murder in the first degree (Pet. ¶ 1). Under these circumstances, it would be "for the convenience of the parties and witnesses" to transfer petitioner's habeas petition to the Middle District of Pennsylvania where his records, the prosecutors and the prosecuting court are

located.  See Ashford v. Wenerowicz, 2011 WL 2149355 (E.D. Pa. Mar. 29, 2011) (habeas petition transferred to Middle District of Pennsylvania where petitioner was convicted), Report and Recommendation adopted by 2011 WL 2135688 (E.D. Pa. May 27, 2011).

For all the above reasons, the court makes the following

### **R E C O M M E N D A T I O N**

AND NOW, this 10th day of December, 2014, the court respectfully recommends that the petition for a writ of habeas corpus be **TRANSFERRED** to the United States District Court for the Middle District of Pennsylvania.  The court further recommends that **no** certificate of appealability be issued.[1]

The parties may file objections to the Report and Recommendation.  See Loc. R. Civ. P. 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge

---

[1] The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further.  See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER GARCIA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUPT. ROBERT D. GILMORE, et al. | : | NO.  14-6416 |

**ORDER**

AND NOW, this        day of                , 20__, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter, it is hereby

**ORDERED**

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. The petition for a writ of habeas corpus is **TRANSFERRED** to the United States District Court for the Middle District of Pennsylvania; and

3. A certificate of appealability is not granted.

BY THE COURT:

_____
JUAN R. SANCHEZ,                                   J.