IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER GARCIA | : | CIVIL ACTION |
| | : | |
| v. | : | No. 14-6416 |
| | : | |
| SUPT. ROBERT D. GILMORE, et al. | : | |

**<u>ORDER</u>**

AND NOW, this 30th day of December, 2014, upon careful and independent consideration of Petitioner Alexander Garcia's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter, to which no objections have been filed,[1] it is ORDERED:

1. The Report and Recommendation (Document 4) is APPROVED and ADOPTED.

2. Garcia's Petition for Writ of Habeas Corpus shall be TRANSFERRED forthwith to the United States District Court for the Middle District of Pennsylvania.[2]

---

[1] The Report and Recommendation was sent to all parties of record on December 10, 2014. Pursuant to Local Civil Rule 72.1 IV(b), a party may object to a magistrate judge's report "within fourteen (14) days after being served with a copy thereof." As of today's date, no objections have been filed.

[2] Garcia is a prisoner at the State Correctional Institution in Greene County, located in the Western District of Pennsylvania. 28 U.S.C. § 118(c). Garcia is challenging a conviction arising in the Court of Common Pleas of Luzerne County, located in the Middle District of Pennsylvania. 28 U.S.C. § 118(b). Garcia, however, filed his habeas petition alleging ineffective assistance of counsel in the United States District Court for the Eastern District of Pennsylvania.

Pursuant to 28 U.S.C. § 2241(d), a habeas petition "may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). A court of the district in which a habeas petition is filed may, "in the exercise of its discretion and in furtherance of justice . . . transfer the application . . . for hearing and determination." *Id.*

3. There has been no substantial showing of the denial of a constitutional right warranting the issuance of a certificate of appealability.

4. The Clerk of Court is DIRECTED to mark this case CLOSED.

          BY THE COURT:

          /s/ Juan R. Sánchez
          Juan R. Sánchez, J.

---

Garcia has failed to file in either the district in which he is in custody or the district in which he was convicted. As a result, this Court lacks jurisdiction over his petition. A court without jurisdiction "shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631.

The Court agrees with the Magistrate Judge's finding that the interests of justice would be served by transferring this case, rather than dismissing the petition for lack of jurisdiction. In his petition, Garcia advances several ineffective assistance of counsel claims involving his guilty plea and right to appeal. Because Garcia pleaded guilty in Luzerne County in the Middle District of Pennsylvania, presumably, all records of conviction, transcripts of proceedings, witnesses, and counsel are located in the Middle District. Thus, the Middle District is the most appropriate forum to entertain Garcia's petition. In addition, transfer to the district of conviction is commonplace. *See, e.g.*, *Helfrich v. Coleman*, No. 10-958, 2010 WL 1337728, at *2 (E.D. Pa. Apr. 6, 2010); *McKeever v. McGrady*, No. 08-2905, 2008 WL 5101729, at *1 (E.D. Pa. Nov. 26, 2008).